IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CAROLYN JENDRO,** | 07-CV-1543-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **MICHAEL J. ASTRUE,**<br>Commissioner of Social<br>Security, | |
| Defendant. | |

**TIM D. WILBORN**
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City , OR 97045
(503) 632-1120

       Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904
(503) 727-1053

1 - OPINION AND ORDER

**DAVID F. MORADO**
Regional Chief Counsel
**JOANNE ELIZABETH DANTONIO**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
(206) 615-2545

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Unopposed Motion for Attorney Fees (#25) Pursuant to 42 U.S.C. § 406(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

    On October 15, 2007, Plaintiff filed a Complaint in this Court in which she sought judicial review of a final decision of the Commissioner of the Social Security Commission denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act.

    On November 25, 2008, this Court issued an Order granting the parties' Stipulated Motion for Remand Case to Agency remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On that same day, the Court entered a Judgment remanding this matter to the Commissioner.

2  -  OPINION AND ORDER

On September 23, 2008, Plaintiff filed an Unopposed Application for Attorneys' Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $6,350.00.  On September 29, 2008, the Court entered an Order in which it awarded attorneys' fees to Plaintiff's counsel in the amount of $6,350.00.

On February 9, 2009, Plaintiff filed a Motion for Approval of Attorney's Fees pursuant to 42 U.S.C. § 406(b) in which he seeks $11,594.50 in attorneys' fees for work performed in this matter before this Court.

## **STANDARDS**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."  *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Section 406(b) expressly requires any attorneys' fee awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits."  42 U.S.C. § 406(b)(1)(A).  "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal

3  -   OPINION AND ORDER

offense." *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht*, the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007) (citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

## DISCUSSION

**I.   Attorneys' Fee Agreement.**

Plaintiff entered into a contingent-fee agreement in which she agreed to pay her attorneys the greater of 25 percent of the past-due benefits resulting from her claim or such amount as her

4   -   OPINION AND ORDER

attorneys are able to recover under the EAJA. This type of contingent-fee agreement for 25 percent of all past-due benefits awarded is "characteristic" of Social Security benefit cases. *Grisbrecht*, 535 U.S. at 807.

**II.  Reasonableness of Attorneys' Fees Requested**.

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Grisbrecht*, 535 U.S. at 807.  To determine whether a fee is reasonable, the Supreme Court identified a number of relevant factors a court may consider:  the attorneys' risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits "in comparison to the amount of time counsel spend on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel. *Id*. at 808.  No single factor is dispositive. *Id*.  The district court's decision with respect to a fee award "qualif[ies] for highly respectful review." *Id*.

Here Plaintiff requests fees of $11,594.50 pursuant to the contingency-fee agreement between Plaintiff and her counsel.  A review of the record establishes Plaintiff's counsel was able to secure an award of past benefits for Plaintiff through litigation at the district-court level after Plaintiff had sought and been denied benefits by an Administrative Law Judge and on administrative appeal.  The Court, therefore, concludes

5  -   OPINION AND ORDER

Plaintiff's counsel provided competent, capable representation and did not cause any delay of Plaintiff's claim.

In addition, Defendant does not contend the amount of fees requested is unreasonable.

The Court also takes into consideration the fact that counsel must take claims such as these on contingency and that counsel bear the risk of not receiving any compensation for their work if they do not recover past-due benefits for their clients. *See In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 199-1300 (9th Cir. 1994).

Accordingly, the Court concludes a contingent-fee award of $11,594.50, which is 25% of the past-due benefits obtained by Plaintiff's counsel on Plaintiff's behalf, is reasonable.

### III. The net amount of attorneys' fees in this matter does not exceed 25% of Plaintiff's past-due benefits.

The Court may award attorneys' fees and costs to plaintiffs' attorneys under the EAJA for their representation of plaintiffs in court if certain criteria are met. *See* 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002). As noted, pursuant to § 406(b), courts may award fees to plaintiffs' attorneys for their representation in court "not in excess of 25 percent of the . . . past-due benefits awarded to the claimant."

An attorney who receives fees for the same work under the

6  -   OPINION AND ORDER

EAJA and § 406(b) must refund the smaller fee to the plaintiff. 99 Stat. 183, 186 (1985). *See also Gisbrecht*, 535 U.S. at 796. Congress passed this amendment to prevent attorneys from keeping all of the fees under the EAJA and § 406(b), which would "deprive[] the plaintiff of the benefits intended by the EAJA." 1985 U.S.C.C.A.N. 132, 149 (1985).

On remand, the Commissioner awarded Plaintiff $46,378.00 in past-due benefits. As noted, Plaintiff's counsel moves for attorneys' fees of $11,594 pursuant to § 406(b) for his representation of Plaintiff in this Court. Plaintiff's counsel acknowledges if the Court awards him fees under § 406(b), he will refund to Plaintiff the $ 6,350.00 in fees awarded under the EAJA. The net result of this exchange is $5,244.50 in attorneys' fees for the representation of Plaintiff before this Court, which is less than 25% of Plaintiff's past-due benefits.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (#25) Pursuant to 42 U.S.C. § 406(b) in the amount of **$11,594.50**. Pursuant to *Gisbrecht*, Plaintiff's counsel must refund to Plaintiff the lesser award of attorneys' fees granted by this Court on September 23, 2008, under the EAJA in the amount

7  -   OPINION AND ORDER

of $6,350.00.

    IT IS SO ORDERED.

    DATED this 3rd day of April, 2009.


    /s/ Anna J. Brown

    ANNA J. BROWN
    United States District Judge